ZINTER, Justice
(concurring).
[¶ 45.] In this case, the dog sniff issue only involves questions of fact. The suppression hearing took three days and is evidenced by 487 pages of transcript. Four expert witnesses battled point for point over every fact of consequence, even including what an objective observer supposedly can and cannot see on the videotape. Based on this extensive and conflicting factual record, the circuit court could have decided this case either way. In the end, the circuit court explained why it adopted the State’s expert’s opinions; why it rejected the defendant’s experts; and how it resolved the remaining conflicts of fact.
[¶ 46.] Although the dissent voices understandable concerns and further acknowledges the clearly erroneous standard of review, its opinion is premised entirely on assertions of historical fact and opinion that were rejected by the circuit court. Moreover, it adopts its contrary appellate findings without analyzing or even acknowledging most of the facts and opinions that support the circuit court. Thus, the dissent assumes as historical fact, rejected assertions including:
1) The drug dog gave an “admittedly nonaggressive response.”
2) The dog “has been inaccurate in detecting drugs almost 50% of the time.”
3) The dog received “encouragement from the officer” to respond.
4) “[Njothing about [the dog’s] bumper biting could be viewed as ‘aggressive behavior.’ ”
5) “What [the dog] does in the video is not an indication.”
6) “Thus, we are left without an observable ‘indication,’ only the subjective interpretation by the trooper of what he thinks the dog was about to do.”
7) This case is governed by a “ ‘new’ untrained response....”
8) “[N]o matter how many experts testified concerning their interpretations of *885 the video ... the dog’s actions do not constitute an aggressive indication.”
9) “[The dog’s] reaction of biting the fender does not constitute aggressive indication and ... does not establish probable cause.”
Infra ¶¶ 49, 53-55.
[¶ 47.] Obviously, had the circuit court adopted any of these assertions, or, had these assertions not been directly controverted by substantial evidence, this would be a different case. However, this is not such a ease. On the contrary, the Court’s opinion meticulously details the evidence supporting the circuit court’s findings.
[¶ 48.] Therefore, applying the correct standard of appellate review, I concur.